
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRINA VALERYEVNA MELNIKOVA and VYACHESLAV VISSARIONOVICH TIGAY, Petitioners, v. ERIC H. HOLDER, JR., Attorney General, Respondent. | No. 11-71975 Agency Nos. A096-356-452 A096-356-453 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2014**
Pasadena, California

Before: GILMAN,*** GRABER, and CALLAHAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Irina Melnikova and Vyacheslav Tigay petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen based on the alleged ineffective assistance of counsel ("IAC") of two of their prior attorneys. The BIA held that (1) most instances of IAC alleged by Petitioners are unsupported by the record; (2) their first counsel's failure to submit an original letter in Russian did not prejudice Petitioners; (3) because the first attorney was not ineffective, the second attorney could not have been ineffective for failing to argue that the first attorney was ineffective; and (4) Petitioners did not show the "exceptional circumstances" necessary to warrant the reopening of their case. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

**1.** Under the substantial evidence standard of review, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Zarate v. Holder*, 671 F.3d 1132, 1134 (9th Cir. 2012). Petitioners claim that they were prejudiced by their first attorney's failure to introduce the testimony of Tigay and of Melnikova's psychologist, but both of them testified. Petitioners also claim that their first attorney did not develop Melnikova's racial and ethnic persecution

_____

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

2

claims, but these claims were discussed extensively during Melnikova's testimony and in the immigration judge's ("IJ") opinion.

2.      "Questions of law, including claims of due process violations due to ineffective assistance, [are] review[ed] de novo." *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005).  To establish IAC, a petitioner must prove (1) that the attorney acted incompetently, and (2) that the error was prejudicial to the petitioner's case.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Mohammed*, 400 F.3d at 793 (applying the *Strickland* test for IAC in an immigration proceeding).  "[P]rejudice results when the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings." *Mohammed*, 400 F.3d at 793–94 (internal quotation marks omitted).

Most of the grounds on which Petitioners argue that their first attorney acted ineffectively are not relevant to the IJ's adverse credibility determination.  The IJ relied on only one of these instances in reaching her decision—that Melnikova failed to produce the untranslated letter verifying her membership in the Grace Church in Uzbekistan.  However, the IJ's finding that Melnikova was not credible rested on a number of other articulated and substantiated grounds, and thus this single error (if it was error) did not amount to prejudice.

**3.**     Petitioners argue that their second attorney was ineffective for failing to argue that their first attorney was ineffective.  However, Petitioners were not prejudiced by any alleged ineffectiveness of their first attorney, and thus could not show that their second attorney acted ineffectively for failing to make that argument.  Moreover, Melnikova admits that she discussed this argument with her second attorney and that he explained to her that the best strategy on appeal was to focus on the judge's decision and not on her prior attorney's actions.  Attorneys do not act ineffectively when they make tactical decisions about how best to argue a client's case.  *See Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986) (holding that an attorney's decision not to contest deportability was an appropriate tactical decision).

**4.**     Petitioners also asked the BIA to equitably toll the deadline for filing their motion to reopen.  Equitable tolling is appropriate when a petitioner fails to timely file a motion to reopen due to another person's "deception, fraud, or error, as long as the petitioner act[ed] with due diligence."  *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).  Without showing any IAC on the part of either of their attorneys, Petitioners have not shown that they suffered any deception, fraud, or

4

error. Accordingly, the BIA did not abuse its discretion by refusing to equitably toll the deadline for Petitioners' motion to reopen.[2] *See id.* at 897–98.

All of Petitioners' claims for IAC are unsupported by the record, were not relied on by the IJ in reaching her decision, or did not prejudice them. In the absence of any IAC, the BIA did not abuse its discretion in declining to equitably toll the deadline to file the motion to reopen.

**PETITION DENIED.**

---

[2] The BIA also declined to reopen Melnikova's case sua sponte, a decision that is not reviewable by this court. *See Sharma v. Holder*, 633 F.3d 865, 874 (9th Cir. 2011).

5